**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Paul Fahring,<br>Petitioner,<br>v.<br>Ryan Thornell, et al.,<br>Respondents. | No. CV-25-03810-PHX-JAT<br>**ORDER** |

Before the Court is Paul Fahring's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The case was referred to Magistrate Judge Fine, who issued a Report and Recommendation ("R&R") advising that the Petition should be denied and dismissed with prejudice. (Doc. 30 at 39). Petitioner's objections to the R&R are fully briefed, (Docs. 36, 37), and the Court now rules. Because the Magistrate Judge's reasoning was sound and Petitioner's objections were unconvincing, the Court will accept and adopt the R&R. Accordingly, the Petition must be denied.[1]

## I. BACKGROUND

The R&R recounts the factual and procedural circumstances of this case. (Doc. 30 at 4-13). No party objects to its recounting of the relevant facts and the Court will thus accept and adopt it. The following summary is taken from the R&R.

[1] The Court notes that Petitioner's objections are voluminous. *See generally* (Doc. 36) (listing nine primary objections and 19 line-item objections). The Court has addressed the substance of each primary objection in the analysis below. Since the line-item objections reassert and refer back to the primary objections, the Court need not engage in a comparable line-item analysis as to those points.

Petitioner was indicted on ten counts of sexual exploitation of a minor. (*Id*. at 4). With the assistance of counsel, he agreed to plead guilty to three counts: Count One of sexual exploitation of a minor and Counts Two and Three of attempted sexual exploitation of a minor. (*Id*.). A judge of the Pinal County Superior Court confirmed that Petitioner understood the plea agreement and sentenced him to 17 years' imprisonment for Count One and to lifetime probation on Counts Two and Three. (*Id*. at 5-9).

Filing for post-conviction relief in state court, Petitioner argued that the incorrect statute was used in his Count One sentencing and that his sentences for Counts Two and Three violated the Double Jeopardy Clause of the U.S. Constitution. (*Id*. at 9). Relief was denied at the trial court and at the Arizona Court of Appeals. (*Id*. at 9-10). Petitioner did not file for review with the Arizona Supreme Court, and so the Court of Appeals' decision became final. (*Id*. at 11).

Now before this Court, Petitioner reasserts the two arguments he presented to the state courts. (*Id*.). He additionally contends that he is innocent of the crimes to which he pleaded guilty, saying that his computer was hacked and that no reasonable jury could convict him if they knew of alleged bad prosecutorial practices committed in his case. (*Id*. at 11-12). Respondents, meanwhile, argue that each Petitioner's claims are either waived or not meritorious. (*Id*. at 12).

## II. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review is conducted de novo because Petitioner objects to the recommendations of the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court, however, need not perform any review of any issue to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Magistrate Judge's analysis first discussed whether Petitioner's claims were either procedurally defaulted or incognizable under federal law. (Doc. 30 at 13-22). Finding

that they were not, she then concluded that, while Petitioner had waived his claims as to Count One, he had not waived his claims as to Counts Two and Three. (*Id*. at 22-30). The R&R then examined the Count Two and Three arguments, as well as Petitioner's claim of innocence, eventually deciding that they were unconvincing. (*Id*. at 31-37). This Court's analysis follows the Magistrate Judge's path through the various arguments in this case and will explain why her determinations were correct.

**A. State Court Exhaustion**

"[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies" as to his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona state remedies, outside of life-sentence or capital cases, are "exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (per curiam).

Petitioners must fairly present both the operative facts and the specific legal theory at issue so that the state courts have an opportunity to determine the merits of the claim. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). A claim is barred from federal review under the default doctrine, however, when it was procedurally precluded from state court review. *Dretke v. Haley*, 541 U.S. 386, 392-93 (2004).

Here, Petitioner shepherded his constitutional claims through the state trial court and then the Arizona Court of Appeals. (*Id*. at 9-10). That court denied him post-conviction relief, substantively addressing certain arguments that Petitioner raised in this action. *State v. Fahring*, No. 2 CA-CR 2024-0122-PR, 2024 WL 4976320, at *1-2 (Ariz. Ct. App. Dec. 4, 2024). Not among these arguments were the later-relayed contention that the pleading was somehow involuntary. *See* (Doc. 29 at 14-20 (first raising the argument that his guilty plea was not knowing, voluntary, and intelligent)).[2]

Although Respondents initially contended that Petitioner ran afoul of the procedural default doctrine, the Magistrate Judge disagreed. (Doc. 30 at 12 (citing Doc. 10 at 5-12)).

[2] Although Petitioner believes that he raised this argument in his Petition, (Doc. 36 at 18, 20), his citation to page 20 of his Petition is unhelpful. At most, that citation alleges that Petitioner did not knowingly waive any rights to dispute errors at his sentencing. *See* (Doc. 1 at 20). Thus, the Court will not consider that argument further.

As to Claim One, Petitioner argues that there was an insufficient factual basis to sentence him under A.R.S. § 13-705 and that his sentence was therefore unconstitutional. (Doc. 1 at 23-27). He made that same argument to the Arizona Court of Appeals, and that court denied relief, rejecting the argument. (Doc. 1-2 at 41-42; Doc. 13 at 27-29); *Fahring*, 2024 WL 4976320, at *2. As to Counts Two and Three, Petitioner argues that he is being punished for the same crime in violation of the Constitution. (Doc. 1 at 32-35). He made the same argument to the Arizona Court of Appeals, (Doc. 1-2 at 42-48; Doc. 13 at 25-27), which rejected the argument, *Fahring*, 2024 WL 4976320, at *1.

Because Petitioner's constitutional claims were fairly presented and decided by the Arizona Court of Appeals,[3] the Magistrate Judge concluded that Petitioner exhausted his state court remedies. (Doc. 30 at 20-21); *see Dretke*, 541 U.S. at 392-93; *Castillo*, 399 F.3d at 999; *Swoopes*, 196 F.3d at 1010. Neither party objects to that conclusion. The Court will therefore accept and adopt the R&R on this point. *See Thomas*, 474 U.S. at 149.

**B. Cognizability of Claims**

A federal court may grant habeas relief to a state prisoner where the prisoner is in custody in violation of federal law. 28 U.S.C. § 2254(a); *see Smith v. Ryan*, 823 F.3d 1270, 1282 n.8 (9th Cir. 2016). Only where a state court's decision is arbitrary and capricious enough to become an independent constitutional violation may courts review an application of state law. *Lewis v. Jeffers*, 497 U.S. 764, 781 (1990). Respondents initially argued that Petitioner's arguments were not cognizable federal issues, (Doc. 10 at 9-11), but the R&R disagreed with that understanding, (Doc. 30 at 21-22).

The Magistrate Judge determined that each of Petitioner's claims clear this statutory hurdle. As to Count One, Petitioner consistently contended that an unestablished factual premise resulted in an illegal prison sentence in violation of the Fifth, Sixth and Fourteenth Amendments. (Doc. 1 at 23-27). As to Counts Two and Three, Petitioner contended that the state violated the Double Jeopardy Clause, among other constitutional provisions. (*Id.* at 32-35). Because Petitioner identified federal law under which he alleges that his custody

[3] Although the court purported to decide the double jeopardy issue on grounds of waiver, it also alternatively rejected Petitioner's arguments on the merits. *Id.*

is unlawful, the Magistrate Judge found that the claims were cognizable. (Doc. 30 at 21-22). And since neither party objects to this conclusion, the Court will accept and adopt the R&R on this point. *See Thomas*, 474 U.S. at 149.

**C. Waiver of Arguments**

Guilty pleas represent "a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Courts have therefore "routinely held that defendants who pleaded guilty unconditionally cannot raise on appeal various claims of antecedent legal error." *United States v. Chavez-Diaz*, 949 F.3d 1202, 1206 (9th Cir. 2020) (collecting cases)); *Tollett*, 411 U.S. at 267. The Magistrate Judge decided that, under this framework, Petitioner had waived his arguments as to Count One but not as to Counts Two and Three. (Doc. 30 at 25-30).

The Magistrate Judge also noted that there is an open question as to whether a state court's decision about waiver is owed deference under 28 U.S.C. § 2254(d). (Doc. 30 at 22 n.8). Though the Third Circuit Court of Appeals decided that such deference was not owed to determinations of waiver, *id*. (citing *Fahy v. Horn*, 516 F.3d 169, 180 (3d Cir. 2008)), the Ninth Circuit has only agreed in a withdrawn opinion, *Kilpatrick v. Chappell*, 872 F.3d 1047, 1058 (9th Cir. 2017), *withdrawn on reh'g*, 926 F.3d 1157 (9th Cir. 2019).

The Court need not answer this question. As to the Count One arguments, the Court's analysis would remain the same even under a deferential standard. As to the Count Two and Three arguments, however, there is no doubt that deference does not apply. The last reasoned state court decision merely decided that Petitioner had waived all of his "*non-jurisdictional* defects," *Fahring*, 2024 WL 4976320 at *1 (emphasis added), and the Ninth Circuit has described a Double Jeopardy Clause argument as jurisdictional, *United States v. Brown*, 875 F.3d 1235, 1239 n.2 (9th Cir. 2017). The state court had thus not decided, for the purposes of deference, if Petitioner waived his Count Two and Three arguments.

1. <u>Count One—Sentencing Argument</u>

Petitioner argues that the state court had improperly applied A.R.S. § 13-705 during sentencing when it should have applied A.R.S. § 13-702, which has lesser consequences.

(Doc. 1 at 23). While the former statute outlines specific prison sentences for persons who commit dangerous crimes against children of certain ages, the latter outlines sentences for first-time felons who did not commit a crime requiring a specific sentence. In Petitioner's view, the state court's application of § 13-705 at sentencing was incorrect because it was never established that he sexually exploited a minor under the age of 15 as that statute required for the sentence he received. (Docs. 1 at 23-25, 36 at 6-7).

That argument facially targets an event occurring after the plea—the alleged illegal sentencing determination. *See Chavez-Diaz*, 949 F.3d at 1206-07. Although Petitioner is technically correct that an "antecedent legal error" does not include wrongful sentencing, *see Chavez-Diaz*, 949 F.3d at 1206, his argument misses the necessary implications of the events leading up to the sentencing decision.

In the plea colloquy, Petitioner's counsel explained that the exploited children at issue were under the age of 15 and that Petitioner knew of their ages. (Doc. 30 at 25-26 (citing Doc. 10-2 at 209-11)). Petitioner then affirmed that what his counsel said was true. (*Id*. at 26 (citing Doc. 10-2 at 211)). And based on that information, the trial court could not have erred by applying § 13-705 since the colloquy provided the factual basis for the victims' ages. The practical conclusion of this analysis is that Petitioner's argument was waived because the alleged sentencing error was dependent on an event that occurred while he could have made constitutional—or factual—objections. *See Tollett*, 411 U.S. at 267.

Countering this predictable obstacle in his argument, Petitioner contends that "plea colloquy cannot be used to establish a factual basis." (Doc. 36 at 6-9). Aside from the fact that this rebuttal focuses more on the merits of his claim than whether it was waived, the Court finds that Petitioner's contention is unavailing. *See* 28 U.S.C. § 2254(d) (providing that habeas relief can be granted only when a state court incorrectly applied settled Supreme Court precedent or was based on an unreasonable view of the facts).

The Supreme Court has not yet decided that a trial court must "affirmatively discuss during the plea colloquy the potential impact a defendant's factual admissions may have" on a capital sentencing proceeding, *Sansing v. Ryan*, 41 F.4th 1039, 1061 (9th Cir. 2022),

much less a non-capital proceeding like this one. Without clear Supreme Court caselaw to support his argument, Petitioner may not rely on his views of plea colloquies to obtain relief, even if his argument had not been waived.[4] *See* 28 U.S.C. § 2254(d). For that reason, the Court will accept and adopt the R&R as to this issue.

Petitioner cites to Supreme Court caselaw to make his point, (Doc. 36 at 3-9), but those citations prove unhelpful. In *Erlinger v. United States*, 602 U.S. 821, 834 (2024), the Court held that any fact that exposed a person to a longer sentence must be resolved by a jury or "freely admitted in a guilty plea." Far from setting a rule where each fact must be shown outside of a plea colloquy, that passage endorses the use of defendant admissions to establish the factual basis for a sentence. *See, e.g.*, *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) (explaining that a guilty plea "is an admission of guilt so reliable that . . . it quite validly removes the issue of factual guilt from the case"). And despite citation to *Hamling v. United States*, 418 U.S. 87, 188 (1974), Petitioner does not claim that his indictment was insufficiently vague.[5]

In a final effort to rescue his Count One argument, Petitioner alleges that the state courts willfully ignored their own law. (Doc. 36 at 4-5) (first citing *Cruz v. Arizona*, 598 U.S. 17 (2023), then citing *Glossip v. Oklahoma*, 604 U.S. 226 (2025)). At the outset, it is difficult to identify from this objection which state law was violated or how it ended in a constitutional violation. As best as the Court can tell, Petitioner may once again be arguing that the state allegedly violated state law by failing to provide certain factual predicates before sentencing. (*Id.* at 5-7). That vagueness alone makes the objection unworthy of review. *See, e.g., Warling v. Ryan*, No. CV 12–01396–PHX–DGC (SPL), 2013 WL 5276367, *2 (D. Ariz. Sept. 19, 2013). Moreover, this alleged error in the application of state law is not a cognizable claim in federal habeas cases; the Court examines the *federal*

[4] If that was not enough, caselaw from the Ninth Circuit Court of Appeals all but confirms that a trial court may look to plea colloquies to establish the facts of a case. *See Sansing*, 41 F.4th at 1061; *cf. United States v. Jimenez-Dominguez*, 296 F.3d 863, 869 (9th Cir. 2002) (discussing voluntariness of a plea); *United States v. Timbana*, 222 F.3d 688, 710-11 (9th Cir. 2000) (Kleinfeld, J., concurring) (discussing federal plea colloquies).

[5] Petitioner does have issues with a notice of his indictment which, as the Court will later explain, he confuses with the indictment itself. *See* (Docs. 30 at 4 n.3, 36 at 14-15). That confusion makes any *Haming* assertion meritless.

rights at issue. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

But even if this was untrue, it is equally difficult to tell how Petitioner's cited cases help him. In *Cruz*, the Supreme Court said that that "an unforeseeable and unsupported state-court decision on *a question of state procedure* does not constitute an adequate ground to preclude [review] of a federal question," and no such issue exists in this case. 598 U.S. at 26 (emphasis added) (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964)). And in *Glossip*, the Court discussed yet another inapplicable principle: that a conviction obtained through knowing use of false evidence violates the Fourteenth Amendment.[6] Indeed, *Glossip* was not before the Supreme Court on § 2254 habeas grounds at all; it instead "involved a petition for writ of certiorari from a state court decision on state post-conviction review." *Scorza v. Off. of Attn'y Gen. for Cal.*, No. 2:24-cv-11221-PA-SSC, 2025 WL 1558456, at *3 n.2 (C.D. Cal. Apr. 28, 2025). Petitioner's objections based on caselaw therefore fall flat.

A guilty plea "validly removes the issue of factual guilt" from all elements of the case. *Menna*, 423 U.S. at 62 n.2; *see also United States v. Cazares*, 121 F.3d 1241, 1246 (9th Cir. 1997). Here, Petitioner pleaded guilty to Count One and admitted to knowing that the sexually exploited children at issue were under the age of 15. As there is no Supreme Court caselaw that expressly prohibits a plea colloquy admission from establishing the factual basis for a sentence, *see Williams v. Taylor*, 529 U.S. 362, 407 (2000), it follows that the Magistrate Judge was right to determine that Petitioner had practically waived his Count One argument.

2. <u>Counts Two and Three—Double Jeopardy Argument</u>

Petitioner next argues that Counts Two and Three should be vacated because they are multiplicitous and accordingly violate the Double Jeopardy Clause. (Doc. 30 at 9). Although the Arizona Court of Appeals determined that this argument had been waived, *Fahring*, 2024 WL 4976320, at *1, the R&R found otherwise.

---

[6] To be sure, Petitioner makes a freestanding innocence claim, alleging that the offending images were placed on his computer by hackers. (Doc. 30 at 11-12). But, as the Court will discuss later, there is no convincing evidence to substantiate such a claim, much less that the state knew about the presence and actions of such alleged hackers.

The Magistrate Judge determined that Petitioner had raised an argument that he may not be constitutionally prosecuted more than once for his possession of the offending images. (Doc. 30 at 27-28) (citing *Class v. United States*, 583 U.S. 174, 180-83 (2018) (reaffirming that a guilty plea does not bar an appeal where the record shows that the court had no power to enter the given conviction or impose the sentence)).

The Court agrees that the *Menna-Blackledge* doctrine, as described in *Class* and by the Magistrate Judge, keeps Petitioner's argument open to federal review. *See* (Doc. 30 at 28 (citing *Lemke v. Ryan*, 719 F.3d 1093, 1097-98 (9th Cir. 2013) (discussing Double Jeopardy Clause arguments in the habeas context)). The parties raise no objections to this conclusion and so the Court will accept and adopt the R&R as to this point. *See Thomas*, 474 U.S. at 149.

**D. Discussing Double Jeopardy**

Petitioner claims that his possession of multiple images of minors in compromising sexual positions was punished multiple times in violation of the Double Jeopardy Clause. He cites Arizona's sexual exploitation statute to support his case. (Docs. 10-2 at 13-17, 36 at 10). That statute explains that a person is guilty of sexual exploitation of a minor when he knowingly possesses "any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." A.R.S. § 13-3553(A)(2).

Under Petitioner's reading of the statute, the words "any visual depiction" could refer to a collection of images rather than to individual images. (Doc. 38 at 12). That construction would confine Petitioner to only one conviction, making Counts Two and Three multiplicitous because each count concerned a different visual depiction. (Docs 10-2 at 13-17, 38 at 10-12). The Arizona Court of Appeals and the Magistrate Judge relied on state interpretations of A.R.S. § 13-3553 to find that the charges were not superfluous and unconstitutional. (Doc. 30 at 35-36); *Fahring*, 2024 WL 4976320, at *1.

The Fifth Amendment prohibits a person from being "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. Amend. V. This protection against multiple punishments "is designed to ensure that the sentencing discretion of courts is

confined to the limits established by the legislature." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984). In determining whether the Arizona legislature intended to punish the same offense multiple times, the Court is cognizant that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The Court need not look far for the answer. The Arizona Supreme Court clarified that "the possession of *each* image of child pornography is a separate offense." *State v. Berger*, 212 Ariz. 473, 474 (2006) (emphasis added). The Arizona Court of Appeals has likewise held that it was the legislature's intent "to criminalize *each* sexually exploitive 'visual depiction' or image to deter the production of such material." *State v. Rix*, 256 Ariz. 125, 136 (Ct. App. 2023) (emphasis added) (citing *State v. McPherson*, 228 Ariz. 557, 560 (Ct. App. 2012) (concluding that "separate convictions and punishments for different images on the same DVD are constitutionally permissible because the legislature intended the unit of prosecution to be each individual 'depiction'")).

Because the state courts have specifically interpreted A.R.S. § 13-3553 contrary to Petitioner's reading, and because this Court may not second-guess a state court's reading of state law, *see Gentry v. MacDougall*, 685 F.2d 322, 323 (9th Cir.1982), there was no violation of the Double Jeopardy Clause in this case, *see McPherson v. Ryan*, No. CV-14-02120-TUC-JAS (BGM), 2017 WL 7805227, at *14-15 (D. Ariz. Aug. 14, 2017) (applying the same analysis to the same state statute), *report and recommendation adopted*, 2018 WL 1090537 (D. Ariz. Feb. 28, 2018); *see also King v. Crist*, 868 F.2d 1272 (9th Cir. 1989). The Court will therefore accept and adopt the R&R's conclusion regarding this point.

Petitioner's objections are not convincing. He begins by pointing out that, although bound by state construction of a state statute, the Court may still review the constitutional effect of that construction. (Doc. 36 at 10). This contention is much ado about nothing; the Court has already determined "whether [Petitioner's] federal constitutional rights have been violated" by the state courts' reading of A.R.S. § 13-3553. *Aponte v. Gomez*, 993 F.2d 705, 708 (9th Cir. 1993). The necessary effect of a state statute that separates violations by

individual image is that convictions by image do not violate the Fifth Amendment.

The next objection attempts to cast doubt on the Magistrate Judge's reliance on the state court precedents cited above. (Doc. 36 at 11). Petitioner argues that, since there was no specific evidence of multiple visual depictions of a minor shown in the plea agreement, there was no reason to charge him with Counts Two or Three, much less separately from Count One. (*Id.*). The Court has been down this path before and thus reiterates that the state record reflects that Petitioner was convicted of having three separate photographs featuring a minor under 15 years old in a sexually exploitative position. (Doc. 10-1 at 3-5). Moreover, Petitioner pleaded guilty to each offense and told the sentencing court that he understood that he had possessed those visual depictions. (Doc. 30 at 8-10).

Next, Petitioner decries the Magistrate Judge's decision not to use the test laid out in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), to determine if his charges were unconstitutional. (Doc. 36 at 11-12). The *Blockburger* test, however, "does not necessarily control the inquiry into the intent of a state legislature." *Johnson*, 467 U.S. at 499 n.8 (citing *Missouri v. Hunter*, 459 U.S. 359, 366-368 (1983)). The interpretation of the state statute here, however, does not authorize cumulative punishment by its own terms. Petitioner's convictions would instead rest on distinct factual showings: the separate depictions upon which each charge is predicated. *See Blockburger*, 284 U.S. at 304 (testing whether each provision of a statute "requires proof of a fact which the other does not").

The last of Petitioner's objections on this point would invoke the Rule of Lenity to find that the convictions were violative of the Double Jeopardy Clause.[7] (Doc. 36 at 12-13 (citing *Bell v. United States*, 349 U.S. 81, 83-84 (1955) ("[I]f Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses."). The Rule of Lenity, however, applies "only if a statute remains grievously ambiguous" after consulting all interpretive

[7] The Court recognizes that Petitioner also alleges that there was no clear definition of the crimes to which he pleaded guilty. (Doc. 36 at 12). But that argument almost willfully ignores the state court decisions cited by the Magistrate Judge, which provide a roadmap, based on the statutory text, for when a crime is committed under § 13-3553. Petitioner does not explain why the charges were not either specific or well-defined, other than arguments discussed above.

tools available. *Brown v. United States*, 602 U.S. 101, 122 (2024).

The Court is not tasked with a de novo statutory interpretation endeavor in this case, no matter how hard Petitioner tries to advance his construction of A.R.S. § 13-3553. *See* (Doc. 36 at 12-13). The Arizona Supreme Court and the Arizona Court of Appeals have explained that the statute is read to distinguish convictions based on individual images, and neither court disclosed that there was any lingering ambiguity in the statute. *See Berger*, 212 Ariz. at 474; *Rix*, 256 Ariz. at 136. Because this Court cannot review these state interpretations, the Rule of Lenity does not apply and this objection must fail. *See Estelle*, 502 U.S. at 67–68.

**E. Other Notabilia**

Petitioner also objects to three more of the Magistrate Judge's findings, which the Court will address before concluding. First among these objections is Petitioner's repeated claim that he is actually innocent. (Doc. 36 at 18). In the R&R, the Magistrate considered this contention and found it there was no persuasive evidence supporting the claim, which might not be cognizable in federal habeas cases at any rate. (Doc. 30 at 37).

The Court agrees with the Magistrate Judge's reasoning and will therefore accept and adopt the R&R as to this contention. At the outset, she is correct that whether a claim for actual innocence "is cognizable in a federal habeas corpus proceeding in the non-capital context" is indeed an open question. *See Taylor v. Beard*, 811 F.3d 326, 334 (9th Cir. 2016) (en banc); *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014). But even if it were not a question, the Court finds no reason why Petitioner would meet the high standard needed to prove actual innocence under the Supreme Court's caselaw. *See Herrera v. Collins*, 506 U.S. 390, 417 (1993).

To show innocence, a petitioner is required to "assert more than that insufficient evidence supported the petitioner's conviction." *Prescott v. Santoro*, 53 F.4th 470, 482 (9th Cir. 2022). He must instead "demonstrate that 'in light of new evidence, it is more likely than not that no reasonable juror would have found [the] petitioner guilty.'" *Jones*, 763 F.3d at 1247 (alteration in original) (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)). In

this case, Petitioner has not introduced any new evidence; he simply remonstrates that his computer was hacked and that the law enforcement and the prosecution engaged in certain undesirable practices. (Docs. 1 at 27, 16 at 9-15). These unsupported assertions fall far from a standard requiring new, unequivocally exculpatory evidence. *Jones*, 763 F.3d at 1251 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). For his part, Petitioner does not make any new arguments as to his innocence in his objections, but instead refers the Court to the varied rejected sentencing arguments above. (Doc. 36 at 18).

Next among Petitioner's remaining objections is a disagreement with the Magistrate Judge's decision not to grant an evidentiary hearing. (*Id*. at 13-14). Because an evidentiary hearing is "not required 'on issues that can be resolved by reference to the state court record,'" *Smith v. Mahoney*, 611 F.3d 978, 997 (9th Cir. 2010) (quoting *Campbell v. Wood*, 18 F.3d 62, 679 (9th Cir. 1994)), the Magistrate Judge determined that an evidentiary hearing was unwarranted, (Doc. 30 at 39). Petitioner seems to argue that the record cannot refute his arguments against conviction and that the evidence he seeks contains evidence of illegal actions taken by the prosecution. (Doc. 36 at 13-14).

The Court agrees with the Magistrate Judge. The state court record provided the basis for Petitioner's sentence under the A.R.S. § 13-3553, and Petitioner has not alleged any compelling constitutional argument against that sentence. *See Schiro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Cullen v. Pinholster*, 563 U.S. 170, 183 (2011). Moreover, even if Petitioner failed to develop the factual basis of his claim, he has not explained how it relies on a new, retroactive Supreme Court ruling or a fact that could not have been discovered. *See* 28 U.S.C.  2254(e)(2); *Shinn v. Ramirez*, 596 U.S. 366, 369 (2022). Thus, the Court accepts and adopts the R&R on this matter.

Finally, Petitioner claims that a "supervening indictment" was blank so as to conceal illegal prosecutorial actions. (Doc. 36 at 14-15). But the Magistrate Judge had previously addressed this document and its import in the R&R. She found that the document was a mere notice of his arraignment for charges brought under the *actual* indictment. (Doc. 30 at 4 n. 3 (citing Doc. 1-1 at 5-6). After comparing that document—which by its own terms

was a notice—and the actual indictment listing the claims and the basis thereof—the Court finds no issue with the Magistrate Judge's characterization of the facts. *See* (Doc. 10-1 at 3-5). As for Petitioner's argument regarding illegal prosecutorial actions, the Court finds no more than conjecture. *See* (Doc. 36 at 14-15 (noting that the notice's lack of information was "consistent" with other cases involving the illegal actions alleged here). The Court therefore finds no error in the R&R's analysis with regard to the state's notice.

## IV. CONCLUSION

A writ of habeas corpus is an extraordinary remedy that guards against the most "extreme malfunctions in the state criminal justice systems." *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring in judgment). The Court finds no malfunction in this case because the state's actions following Petitioner's plea agreement were ordinary.

Petitioner affirmed that he knowingly committed the elements of his crimes during his plea colloquy. Using that knowledge as the factual basis for Petitioner's sentence is not violative of his constitutional rights, and Petitioner's argument against his Count One sentence is practically waived as a result of that premise.

Nor did the state punish Petitioner three times for the same action; the state court's interpretation of the relevant criminal statute clearly separated offenses by each individual visual depiction of a sexually exploited minor. Since Petitioner had three such depictions, it makes sense that he was charged three times under that interpretation. And because he has not made a substantial showing of a violation of a constitutional right, the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 30) is accepted and adopted and Petitioner's objections (Doc. 36) are overruled. The Petition (Doc. 1) is denied and dismissed with prejudice, and the Clerk of the Court shall issue judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's Motion for an Extension of Time to File a Response (Doc. 38) is denied because Federal Rule of Civil Procedure 72(b) does not permit a party to file a further response after filing objections to the R&R.

**IT IS FINALLY ORDERED** that Petitioner's request for a Certificate of Appealability is denied and a Certificate of Appealability shall not issue.

Dated this 13th day of October, 2026.

James A. Teilborg
Senior United States District Judge